IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
YONNE TIGER and ROGER WILEY,     )
                                 )
           Petitioners,           )
                                 )
v.                                )      No. CIV-11-73-FHS
                                 )
PATRICK MOORE,                    )
                                 )
           Respondent.            )
```

**OPINION AND ORDER**

Petitioners, Yonne Tiger and Roger Wiley, are attorneys representing the Muscogee (Creek) Nation National Council, and they instituted this action by filing an Application for Writ of Habeas Corpus (Dkt. No. 1) seeking to have this federal court issue an order relieving them from a February 25, 2011, order issued by Respondent, Patrick Moore, a District Judge for District Court of the Muscogee (Creek) Nation, finding Petitioners in indirect contempt of court and imposing a $2,500 sanction as to both Petitioners. Petitioners have filed an Emergency Motion for Temporary Restraining Order and Temporary and Permanent Injunction (Dkt. No. 3) asking this Court to prevent Respondent from enforcing his contempt order through a proposed March 4, 2011, garnishment of Petitioners' compensation for wages from the Muscogee (Creek) Nation. This Court set this matter for hearing on March 3, 2011. The parties appeared and presented their arguments.[1] Having reviewed Petitioners' submissions and heard the respective arguments of counsel, this Court finds it lacks habeas corpus

---

[1] At the hearing, counsel for Petitioners announced that Petitioner, Roger Wiley, informed counsel that he no longer desired to be included in this action. No dismissal, however, was ever filed as to Petitioner, Roger Wiley.

1

jurisdiction over this matter.

In order to come within this federal court's habeas corpus jurisdiction, Petitioners must satisfy the "in custody" requirement for habeas corpus relief. 28 U.S.C. § 2241(c)(3)(writs of habeas corpus are authorized for persons "in custody in violation of the Constitution or laws or treaties of the United States"). Likewise, to the extent Petitioners are relying on the Indian Civil Rights Act, 25 U.S.C. § 1303, that provision requires a "detention" before habeas corpus relief can be granted. 25 U.S.C. § 1303 (habeas corpus "available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe"). The "in custody" requirement of 28 U.S.C. § 2241(c)(3) and the "detention" requirement of 25 U.S.C. § 1303 are analogous. Dry v. CFR Court of Indian Offenses for the Choctaw Nation, 168 F.3d 1207, 1208 n. 1 (10th Cir. 1999). While "[a] petitioner need not show actual, physical custody to obtain relief," id., habeas corpus relief may not be granted unless there is a showing that the petitioner is subject to "severe restraints on [his or her] individual liberty." Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). The Tenth Circuit has determined that "a person sentenced to only a fine or restitution is not 'in custody'" for purposes of habeas corpus jurisdiction. Fields v. State of Oklahoma, 243 Fed.Appx. 395, 2007 WL 2122066 *2 (10th Cir. 2007); see Erlandson v. Northglenn Municipal Court, 528 F.3d 785, 788 (10th Cir. 2008). Here, pursuant to an order and judgment of indirect civil contempt, Respondent imposed a monetary sanction against Petitioners in a civil action. Clearly, there has been no restraint on the liberties of Petitioners as a result of this purely monetary sanction in the context of a civil proceeding. As a consequence, Petitioners are not "in custody" as is required for this Court's exercise of habeas corpus jurisdiction.

Based on the foregoing reasons, this Court finds it lacks habeas corpus jurisdiction in this matter. Petitioners' Emergency Motion for Temporary Restraining Order and Temporary and Permanent Injunction (Dkt. No. 3) is denied and Petitioners' Application for Writ of Habeas Corpus (Dkt. No. 1) is dismissed in its entirety.

It is so ordered this 3rd day of March, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma